(Not for publication) (Docket No. 74)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ANDRE HORNE, | : | |
| Plaintiff, | : | Civil No. 03-3333 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Seth Silver, M.D., to dismiss Plaintiff's Complaint. For the reasons that follow, the Court will grant Defendant's motion.

**I. BACKGROUND**

Plaintiff Andre Horne is a federal prisoner who was formerly incarcerated at the Federal Correctional Institution in Fairton, New Jersey. Defendant Seth Silver, M.D. is an orthopedic surgeon who provides care to inmates at FCI Fairton. The claims in the Complaint against Dr. Silver relate to the medical care that Dr. Silver provided Horne during his incarceration at the Fairton facility. The following facts are taken directly from Plaintiff's Complaint.

On May 6, 2002, at approximately 10:30 a.m., Horne injured his right ring finger while playing basketball on prison grounds. A half an hour later, Dr. Silver examined the injured finger and determined that it was fractured and dislocated. Dr. Silver then explained to Horne

that he could either "relocate" the dislocated joint with or without first administering pain medication. Horne elected to proceed without medication while Dr. Silver realigned the dislocated joint. Dr. Silver also ordered and reviewed x-rays of Horne's finger. The x-rays confirmed that there was a "fracture of the volar aspect of the proximal phalanx."

After confirming the fracture with x-rays, Dr. Silver advised Horne of his treatment options. Horne could either (1) decide not to have surgery on his finger and risk developing arthritis in the injured joint, or (2) elect to undergo surgery and have a pin placed in the joint to hold it in place for several weeks. Horne chose to have the surgery. Accordingly, on May 10, 2002, Dr. Silver performed a surgical procedure whereby he inserted a temporary pin into the injured joint and created an "extension block." He also prescribed "extension block splinting" for Horne's finger.

After the surgery, Dr. Silver provided follow up care to the Plaintiff. On June 10, 2002, he removed the temporary pin from Horne's finger. In addition, on August 30, 2002, he prescribed a "Joint Jack" device to be used as further treatment for Plaintiff's finger injury.

On November 3, 2002, Horne filed the Complaint in this matter against Dr. Silver and a number of other named defendants.[1] In the Complaint, Horne alleges that the care provided by Dr. Silver constituted a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The Complaint also states that Dr. Silver is being "sued under a state law medical malpractice claim." On March 22, 2004, Dr. Silver filed an Answer and on November 7, 2005, he filed the present motion to dismiss. Thereafter, Horne filed an opposition brief and Dr.

---

[1] Dr. Silver is the only remaining Defendant in this case. In an Order and Opinion dated March 10, 2005, this Court dismissed the claims against Defendant Kim White and granted summary judgment in favor of Defendants United States of America, Dr. Ruben Morales, Marilyn Angud, Jeanette Zayas, and John Marcucci. Dr. Silver did not move for summary judgment along with these other Defendants.

Silver filed a reply.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Furthermore, where the plaintiff is proceeding pro se, the plaintiff's complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even a pro se plaintiff, like Mr. Horne, must still plead the essential elements of his claim and is not ordinarily excused from conforming to standard procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Where a party submits a motion to dismiss that relies upon matters outside the pleadings, the Court may treat that motion as one for summary judgment as long as both parties (1) have notice that the motion could be treated as one for summary judgment, and (2) have been given a reasonable opportunity to present relevant materials. Fed. R. Civ. P. 12(c); see Carver v. Plyer, 115 Fed. Appx. 532, 536-37 (3d Cir. 2004); Anjelino v. New York Times Co., 200 F.3d 73, 88 (3d Cir. 2000).  Moreover, where the opposing party is a pro se plaintiff, the court must give notice to the plaintiff of the motion's conversion, inform him of the consequences, and provide

him an opportunity to respond. Scaglione v. Mamaroneck Union Free Sch. Dist., 144 Fed. Appx. 120, 121-22 (2d Cir. 2005).  Here, the Defendant's motion papers include exhibits that are not incorporated in the Complaint.  He also includes a statement of material facts that is generally indicative of a summary judgment motion.  However, he clearly labels the motion as one for dismissal of the Complaint, and the ultimate relief he requests is dismissal rather than entry of summary judgment.  On these facts, it does not seem appropriate to convert Defendant's motion to dismiss into a motion for summary judgment because the Court is not convinced that the pro se Plaintiff had adequate notice that the motion could be treated as such or understood the consequences of doing so.  Accordingly, the Court will apply the Rule 12(b)(6) standard enumerated above.

### III. DISCUSSION

Dr. Silver raises three primary arguments in his motion to dismiss the claims against him.  First, he argues that the medical negligence action against him must be dismissed because Horne has not filed an Affidavit of Merit in accordance with N. J. Stat. Ann. § 2A:53A-27.  Second, Dr. Silver contends that the Court should dismiss the medical negligence claim because the Plaintiff has not presented any expert testimony regarding the relevant standard of care.  Third, Dr. Silver asserts that the Eighth Amendment claim against him must fail because the facts in the Complaint do not demonstrate that Dr. Silver was deliberately indifferent to Horne's medical needs.  In response, Horne argues that Dr. Silver's motion was "not well-taken and brought in bad faith."

#### A. Medical Malpractice Claim

Under New Jersey law, a plaintiff filing a claim for professional malpractice must file an Affidavit of Merit as required by N.J. Stat. Ann. § 2A:53A-27.  Specifically, the Affidavit of

Merit requirement applies in the following circumstances:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27.  In other words, plaintiffs must file an Affidavit of Merit when "the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession." Couri v. Gardner, 801 A.2d 1134, 1141 (N.J. 2002).  The failure to provide an affidavit where required is "deemed a failure to state a cause of action." N.J. Stat. Ann. § 2A:53A-29.  Here, Horne's claims against Dr. Silver trigger the Affidavit of Merit rule because he alleges that Dr. Silver committed malpractice in providing medical care.  Moreover, there is no question that Dr. Silver is a licensed M.D.  Although the Affidavit of Merit statute applies in these circumstances, Horne has not filed an Affidavit of Merit and more than 120 days have passed since Dr. Silver filed his Answer on March 22, 2004.  Accordingly, the Court finds that Dr. Silver is entitled to dismissal of Horne's medical malpractice claim. See Seeward v. Integrity, Inc., 815 A.2d 1005, 1010-11 (N.J. Super. Ct. App. Div. 2002) ("Thus, the failure to comply with the affidavit of merit statute may bar a state law claim for personal injuries for a doctor's professional negligence.").

**B.  Eighth Amendment Claim**

Prison systems have an obligation to provide prisoners with adequate medical treatment. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  Any failure to provide appropriate medical

care may be a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Id.  However, the Eighth Amendment is not violated by mere negligence. Id. Therefore, decisions by prison medical staff involving the exercise of professional judgment do not violate the Eighth Amendment, even though they may be grounds for professional malpractice. Farmer v. Brennan, 511 U.S. 825, 835 (1994);  Estelle v. Gamble, 429 U.S. 97, 107 (1976).  Similarly, a mere disagreement as to proper medical treatment is not sufficient to establish a constitutional violation. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Rather, to demonstrate a prima facie case of cruel and unusual punishment, a plaintiff must show that the defendant acted with "deliberate indifference to his or her serious needs." Estelle, 429 U.S. at 104.  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (citation omitted).  Dr. Silver does not dispute that Horne's finger injury constituted a serious medical need.  Deliberate indifference is manifest in a variety of actions, including (1) "the denial of reasonable requests for medical treatment which expose an inmate to undue suffering"; (2) "knowledge of the need for medical care and the intentional refusal to provide such care"; or (3) "the delay of necessary medical treatment for non-medical reasons." Sampson v. Berks County Prison, 171 Fed. Appx. 382, 386 (3d Cir. 2006) (citing Lanzaro, 834 F.2d at 346-47; Durmer, 991 F.2d at 69 (3d Cir.1993)).

Horne's claims against Dr. Silver relate both to an alleged *delay* in necessary medical treatment as well as a *denial* of care.  Specifically, Horne claims that Dr. Silver denied care because "[d]espite an apparent fracture to the volar aspect which defendant had observed from examining the X-rays, at no time did defendant attempt to fix, repair, or treat the said fracture."

(Compl. ¶ 5.8.)  In addition, Horne alleges that "Dr. Silver deliberately failed to remove a medical device . . . from plaintiff's injured finger within a timely manner." (Compl. at "Issue IX.")

With respect to Horne's claim for denial of care, the undisputed facts in the Complaint clearly demonstrate that Dr. Silver did not deny reasonable requests for treatment or intentionally refuse to provide necessary care.  To the contrary, the Plaintiff's own recitation of the facts establishes that Dr. Silver responded quickly and thoroughly to Horne's needs. Within a half an hour of the injury, Dr. Silver examined and diagnosed Horne's injury.  That same day he ordered and reviewed x-rays to confirm his diagnosis and explained the treatment options to Horne.  He also re-set the dislocated finger and gave Horne the option of taking pain medication.  Moreover, within 4 days of the injury, Dr. Silver performed the surgery elected by Plaintiff.  He provided follow up care on several occasions and prescribed various splints to aide Horne's recovery. Indeed, on these facts, it defies logic to argue that Dr. Silver did not attempt to "fix, repair, or treat" Horne's fractured finger.  Therefore, even taking as true all of the factual allegations in the Complaint, Horne's Complaint fails to establish that Dr. Silver violated his Eighth Amendment rights by denying appropriate medical care.

Likewise, with regard to Horne's Eighth Amendment claim based on delayed removal of the pin device, the facts alleged in the Complaint show that Dr. Silver acted promptly in responding to Horne's needs.  Dr. Silver implanted a temporary pin in Horne's finger that was to be removed within "several weeks." (Compl. ¶ 5.6.)  According to Horne, Dr. Silver initially recommended removing the pin by May 31, 2002. (See Compl. ¶¶ 9.2, 9.7, 9.8.)  However, Horne also alleges that the prison's Medical Secretary had to complete a memorandum permitting Dr. Silver's entry into the institution before Dr. Silver could remove the pin. (Compl.

¶¶ 9.5, 9.6, 9.7.) Because the Medical Secretary did not complete that memorandum until June 10, 2002, the pin was not removed until that date. (Compl. ¶ 9.7.) These factual allegations demonstrate that any delay in removing the pin from Horne's finger is not attributable to Dr. Silver. Thus, even if true, the allegations do not state a valid deliberate indifference claim against this Defendant. See Walker v. Benjamin, 293 F.3d 1030, 1038 (7th Cir. 2002) (entering judgment in favor of defendant doctor where plaintiff claimed he did not receive antibiotics prescribed for him by defendant doctor, but failed to produce any evidence showing such failure was in any way within defendant doctor's control); Goldman v. Forbus, 17 Fed. Appx. 487, 489 (8th Cir. 2001) (finding in favor of defendant physician on Eighth Amendment claim where defendant prescribed medication and the delay inmate experienced in obtaining that medication was attributable to a non-defendant jail doctor); Simpson v. Horn, 25 F. Supp. 2d 563, 572 (E.D. Pa. 1998) (finding in favor of defendants on Eighth Amendment claim where defendants attempted to respond to plaintiff's complaints in a timely fashion, such that any delay was not attributable to them); see also Salcido v. Zarek, No. 04-4232, 2006 WL 708613, at * 4 (N.D. Cal. Mar. 16, 2006) (finding that treating physician had no duty to ensure that prison staff "did their job" in providing the treatment he prescribed, and even if he did, any failure to "check on their performance would at most constitute negligence, and not deliberate indifference"). Here, Plaintiff's own allegations establish that once the Medical Secretary completed the required paperwork on June 10, 2002, Dr. Silver performed the pin removal procedure that very same day. On the basis of these allegations and all reasonable inferences therefrom, Plaintiff fails to state an Eighth Amendment claim against Dr. Silver for any alleged delay he experienced in receiving the removal operation.

Overall, taking as true all of the factual averments in the Complaint, the Court finds that

Horne's allegations do not demonstrate that Dr. Silver was deliberately indifferent to Horne's serious medical needs.  As a result, the Court will dismiss Plaintiff's Eighth Amendment claims against Dr. Silver for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's Complaint.  The accompanying Order shall issue today.


Dated:   6-30-06                                             s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge